MOLLIE J. SPEERS *v.* THOMAS REED, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—894.]

### Claim for Alimony as Against Creditors.

In a claim for alimony the rights of the wife as against the husband may be enforced and the property sold, or the property itself applied to her support and maintenance; but as to the husband's creditors whose claims existed prior to the claim asserted by

the wife, the chancellor will not undertake to make a settlement upon her to the detriment of such creditors unless from the estate of the wife, and not even then if the creditors had obtained prior liens upon it by attachment or other writ.

### APPEAL FROM KENTON CHANCERY COURT.

April 24, 1883.

OPINION BY JUDGE PRYOR:

We perceive no error to the prejudice of the appellant in setting aside the judgment first rendered. The real debtor was not before the court, and while the appellees may have been negligent by the delay, it was certainly necessary to have the husband of the appellant before the court in order that the case could be properly disposed of. As to her claim for alimony the rights of the wife as against the husband could be enforced and the property sold or the property itself applied to her support and maintenance; but as to creditors of the husband whose debts existed prior to the claim asserted by the wife, the chancellor would not undertake to make a settlement upon her to the detriment of such creditors, unless from the estate of the wife, and not then if the creditors (the husband having reduced the personal estate to possession) had obtained prior liens upon it by attachment or other writ. The wife might also as against creditors retain that which could be termed necessaries, such as food, clothing, etc., purchased for her or the family's use, and which was in her possession after separation from her husband; but to retain the estate of the husband not exempt from execution that she might be enabled to obtain the necessaries of life by reason of its use would be unjust to antecedent creditors, and if established as a precedent would enable the husband, or the chancellor for him, to make ample provision for his family at the expense of those who out of their own estate by crediting the husband had furnished him and his family with the necessaries of life.

The piano claimed in that case may enable the wife to support herself and family but she can not hold it as against the claims of creditors. She shows no claim to it by reason of its being separate estate or lien upon it so as to give her priority over these appellees. That the wife and husband have separated and the latter in a petition for a divorce and alimony has obtained an injunction prohibit-

ing him from disposing of his estate, will not prevent such of the creditors of the husband as had claims prior to the proceedings instituted by the wife from making their debts. In this case it appears that there was other property besides that claimed by the wife, and the court below should have directed that sold before subjecting the piano, and for that reason the judgment must be reversed, as the defense made by the pleading alleging a lien or separate estate in the wife will prevail if established. The parties may be allowed to take additional proof. I Bishop on Law of Married Women, § 760.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

T. F. Hallam, for appellant.

J. F. & C. H. Fisk, for appellees.